The order appealed from should be affirmed, with costs to the defendant.

All the judges concurring.

Appeal dismissed.

---

## NEW YORK SUPERIOR COURT.

JOHN STANNARD, appellant agt. HENRY S. EYTINGE, CHRISTIAN W. SCHAFFER and JOHN A. WORSHMAN, respondents.

In an action for money lost at gaming, the plaintiff complained as follows: "The plaintiff complaining, shows that the defendants, on or about the 13th September, 1865, won at gaming, of the plaintiff, the sum of $861, whereby the defendants became indebted to the plaintiff in the aforesaid sum, and the plaintiff immediately thereafter demanded the said sum of the defendants. And the plaintiff alleges that an action accrued to him to recover," &c.

*Held*, that this complaint was not good as a declaration in *debt* under the Revised

Statutes, nor as a complaint under the Code. The allegations omitted are: "That the money was lost and paid or delivered to the defendants," whereby an action accrued. . This defect is not waived by the defendants answering. It is an insufficiency of statement of facts to constitute a cause of action.

The statute gives the plaintiff this remedy, and he must pursue the course thereby prescribed, to attain it.

*January General Term*, 1867.

*Before* ROBERTSON, *Ch. J.*, BARBOUR *and* GARVIN, *Justices.*

THE plaintiff's cause of action is stated in his complaint in these terms.

"The plaintiff, complaining, shows that the defendants, on or about the 13th September, 1865, *won, at gaming, of the plaintiff*, the sum of *eight hundred and sixty-one dollars*, whereby the defendants became indebted to the plaintiff in the aforesaid sum, and the plaintiff immediately thereafter demanded the said sum of the defendants. And the plaintiff alleges that an action accrued to him to recover said sum, with interest, according to the provisions of the statute against betting and gaming; wherefore the plaintiff demands judgment against the defendants for the sum of eight hundred and sixty-one dollars, with interest from the 13th September, 1865. PAINE & NEW,

*"Plaintiff's Attorneys."*

The defendants, in their answer, deny each and every allegation and averment of the complaint.

The justice before whom the action was tried dismissed the complaint, and judgment was entered for the defendants and against the plaintiff, who appealed.

GEORGE W. PAINE, *for the plaintiff.*

ROGER A. PRYOR, *for the defendants.*

*By the court*, GARVIN, J. It is enacted that "all wagers, bets or stakes, made to depend upon any race, or upon any gaming by lot or chance, or upon any lot, chance, casualty, or unknown or contingent event whatever, shall be unlawful. And all contracts for an account of any money, or property, or thing in action, so wagered, bet or staked, shall be void." (1 *R. S.* § 8, *p.* 662.) The fourteenth section of the statute

against betting and gaming provides : ."Every person who shall' by playing at any game, or by betting on the sides or hands of such as do play, lose at any time or sitting the sum or value of twenty-five dollars or upwards, *and shall pay or deliver the same or any part thereof*, may, within three calendar months after such payment or delivery, sue for and recover the money or value of the things· so lost and paid or delivered, from the winner thereof."

Without this statute, the plaintiff would have no right of action for the money lost and paid. By this statute, the right of action is plainly given to the loser. Other enactments prescribed the form of the declaration in different actions; one was debt, another assumpsit. (2 *R. S. p.* 663, §§ 1, 2.)

These designations have been abolished by the Code (§ 69). It is contended by the plaintiff that the court erred in dismissing the complaint. This depends upon the construction to be given to the second subdivision of the 142d section of the Code, which enjoins a plain and concise statement in the complaint of the facts constituting a cause of action. The first section of the Revised Statutes, as to the form of declaration in debt, is, * * * * * It shall be ·sufficient for the plaintiff, without setting forth the special matter, to allege in his declaration that the defendant is * * * * * indebted to the plaintiff in the sum *so received*, whereby an action accrued to the plaintiff, according to the statute against betting and gaming. The second section provides, that it shall be sufficient for the plaintiff, without setting forth the special matter, to allege in the declaration that money was *received*, contrary to the provisions of such statute, upon betting and gaming. Under the first section the action was debt, under the latter it was assumpsit.

This complaint was drawn under the first section in analogy to the action of debt before its abolition by the Code. Upon one of these two sections the plaintiff claims to stand. It seems clear that certain things are abolished by the Code, and others are modified :

*First*. The declaration ;

*Second.* The old names and forms of action; and.

*Third.* The forms of pleadings, provided such form is inconsistent with the Code. Thus the complaint is substituted for the declaration, and the civil action (so far as applied to the protection of private rights and redress of private wrongs) in the place of all old forms of action, and the plain and concise statement of facts constituting a cause of action, instead of the old forms of pleadings, where they are fixed by statute, and are inconsistent with the Code. (*See* § 468.)

This brings us to the statutory pleading under the first section of 2 *R. S.* 363. The only allegations necessary under that section are: That the defendant is indebted to the plaintiff in the sum (plaintiff claims), whereby an action accrued to the plaintiff, according to the statute against betting and gaming. This the statute declares sufficient, without setting out the *special matter;* or, in other words, without setting out the facts as they exist, and upon which the action must rest at the trial; or, in the language of the Code, the facts which constitute a cause of action. What are those facts? The statute is that every person who shall, by playing at any game, or by betting on the sides or hands of such as do play, lose the sum of twenty-five dollars or upwards, and shall pay or deliver the same, or any part thereof, may sue for and recover the money from the winner. Thus we are at no loss for the facts constituting this cause of action; they are losing money by playing at any game, and paying or delivering the money. Upon these facts he may sue for and recover the money so lost and paid or delivered. I think the provisions of the first section are changed and modified, so far as they are inconsistent with those of the Code. It is possible, if the complaint had been framed upon the second section and in its language, it would have been good pleading. That requires an allegation that the money was received. If received by the defendants, it might be said, it must have been paid; however, this may be doubtful; but it is not necessary to pass upon the second section, inasmuch as the complaint is clearly drawn upon

the first. Again, there is no allegation that defendants received the money, which would be a fatal objection to the complaint under section two, without other equivalent allegations which it does not contain.

The complaint does not conform to the Code. *The allegations omitted are: that the money was lost and paid or delivered to the defendants,* whereby an action accrued. With this addition the complaint would have been good. Its material defect is not waived by the defendants answering. All other defects in the complaint are waived, so far as they apply to this case, excepting that of insufficiency of statement of facts to constitute a cause of action (§ 148), which may be taken advantage of upon the trial.

The statute gives the plaintiff a remedy. He must pursue the course fixed by law to attain it. If this course is not adopted we cannot aid him. The defendants are to be made to respond in the way pointed out for the redress of private wrongs, and in no other. We cannot go beyond the limits assigned us by the authority under which we act.

This judgment should be affirmed with costs.